LETA D. POTTER, Respondent, *v.* AMERICAN UNION LINE, INC., Appellant.

(Supreme Court, Appellate Term, First Department, February, 1920.)

**Ships and shipping — principal and agent — when refusal to dismiss complaint error — evidence — contracts — services.**

Where in an action to recover for the services of plaintiff's tug in towing a schooner, there is not a scintilla of proof showing the slightest connection between the defendant and the

captain of the schooner who contracted for the work done, and signed defendant's name to the contract, a refusal to dismiss the complaint at the close of plaintiff's case is error for which the judgment in plaintiff's favor will be reversed and a new trial ordered.

APPEAL by the defendant from a judgment rendered in plaintiff's favor in the Municipal Court of the city of New York, borough of Manhattan, first district, after trial by court without a jury.

Engel Brothers (Isidore Schneider, of counsel), for appellant.

Foley & Martin (William H. Darrow, of counsel), for respondent.

WAGNER, J. The plaintiff sued to recover for services rendered in towing the schooner *James W. Elwell* in April, 1919, from the Narrows to the sea. He testified that while proceeding to sea his tug met the schooner, whose captain, one Clark, contracted in writing in plaintiff's presence to pay $150, for the performance of such services. The paper was put in evidence and bore the following signature: "Am. Union Line 11 Broadway. To sea from Red Hook as agreed $150, A. C. Clark, Master." Subsequent to the rendition of the services, plaintiff went to the office of the defendant at 11 Broadway, where he informed a young lady in the outer office of the purpose of his visit, namely, to obtain payment, and was directed by her to see several men in different offices, one of whom notified plaintiff when apprised of his business, that " the check is all waiting for somebody's signature; we will mail you this tomorrow." Neither then or at the time of the trial did the plaintiff know with whom he had spoken, admitting that there was no name on either

Appellate Term, First Department, February, 1920.    [Vol. 110.

the desk or the door of the man's office who had promised him payment. This was the extent of the plaintiff's testimony, the defendant offering none and moving for the dismissal of the complaint, which motion was denied. From a judgment rendered in plaintiff's favor the defendant appeals. The failure of the learned trial court in refusing to grant the defendant's motion to dismiss the complaint, compels a reversal of the judgment. We do not find a scintilla of proof in the record showing the slightest connection between the captain of the schooner who ordered the work done and the defendant company. The captain's act in placing the defendant's name over his signature was clearly not proof of agency on his part, nor was ratification by the company of the contract shown by the later promise of payment made by an unknown and completely unidentified man in the defendant's offices. Had actual ownership by the defendant of the vessel been shown, the claim of implied power to bind the principal might have been urged, and a different question would be before us. In the absence of any proof of defendant's ownership of the vessel, or evidence of the captain's agency for the company, the judgment rendered is without foundation and must be reversed.

Guy and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.